612    APPELLATE COURTS OF ILLINOIS.

VOL. 120.] Masonic Fraternity Temple Ass'n v. City of Chicago.

---

## Masonic Fraternity Temple Association v. City of Chicago, et al.

### Gen. No. 12,379.

1. APPELLATE COURT—*when without jurisdiction.* The Appellate Court has no jurisdiction of an appeal which brings up for review the question of the constitutionality of an ordinance.

Injunctional proceeding. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the March term, 1905. Appeal dismissed. Opinion filed May 29, 1905.

DUPEE, JUDAH, WILLARD & WOLF and ALLEN G. MILLS, for appellant.

JOHN W. BECKWITH and WILLIAM H. SEXTON, for appellees; EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Appellant filed a bill alleging that appellees forcibly and without right had closed certain assembly halls in its building, known as the Masonic Temple, for alleged violations. of a city ordinance relating to stairways. A temporary injunction was issued, which upon hearing was dissolved, and the bill and supplemental bill were dismissed for want of equity.

Masonic Fraternity Temple Ass'n v. City of Chicago.

Upon appeal it is contended by appellant that said ordinance, so far as it is intended to govern and regulate its building and the halls therein and the use and enjoyment of the same, is null and void because it violates the 5th and the 14th Amendments to the Constitution of the United States, and Section 2 of Article 2 of the Constitution of the State of Illinois, and takes and deprives appellant of its property and its use and enjoyment thereof for the purposes for which the same was constructed, and has ever since been used, without due process of law.

We have looked into the record and find that the questions thus raised are contained therein, and necessarily must be passed upon by this court in arriving at a decision in the case.

By Section 8 of the Act of 1877, creating this court (R. S. Hurd 1903, p. 569), it is provided: "The said Appellate Courts created by this Act shall exercise appellate jurisdiction only, and have jurisdiction of all matters of appeal, or writs of error from the final judgments, orders or decrees of any of the circuit courts, or the Superior Court of Cook County, or county courts, or from the city courts in any suit or proceeding at law, or in chancery other than criminal cases, not misdemeanors, and cases involving a franchise or freehold or the validity of a statute."

It is further provided by Section 89, Chapter 110, entitled, "Practice" (R. S. Hurd, 1903, p. 1412), which section was passed in 1879, that: "Appeals from and writs of error to circuit courts, the Superior Court of Cook County, the Criminal Court of Cook County, county courts and city courts in all criminal cases, below the grade of felony, shall be taken directly to the Appellate Court, and in all criminal cases above the grade of misdemeanors, and cases in which a franchise or freehold or the validity of a statute or construction of the Constitution is involved; * * * shall be taken directly to the Supreme Court."

We have no jurisdiction to entertain an appeal in this case. The statute is imperative. The appeal is dismissed.

*Appeal dismissed.*